# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA MIRELES, on behalf of herself and others similarly situated. <br><br> PLAINTIFF, <br><br> vs. <br><br> DUNBAR ARMORED, INC., a corporation; and DOES 1 to 100, Inclusive. <br><br> DEFENDANT. | Case No.: CV13-5671 JAK (PJWx) <br><br> **CLASS ACTION** <br><br> **JUDGMENT** <br><br> **JS-6** |

On April 6, 2015, a hearing was held on Plaintiff Sonia Mireles' ("Plaintiff") Motion for Final Approval of Class Action Settlement reached with Defendants Dunbar Armored, Inc. ("Defendants") in this action.

Due and adequate notice having been given to Settlement Class Members as required by the Court's November 7, 2014 Order (Document No. 42), and the Court having considered all papers filed and proceedings in this action, and having received no objections to the settlement, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefore, **PURSUANT TO F.R.C.P. RULE 54 THE COURT HEREBY ENTERS JUDGMENT AS FOLLOWS:**:

1.    This Court has jurisdiction over the claims of the members of the Settlement Class asserted in this proceeding, personal jurisdiction over the Plaintiff and Defendants, and the members of the Settlement Class, as defined in the Settlement Agreement.

2.    This Court previously conditionally certified the Settlement Class for settlement purposes. The Court hereby grants final certification approval, for settlement purposes to the Settlement Class, consisting of:

> All current and former non-exempt driver security guards and their assistants, such as "hoppers" or other such personnel, employed by Defendant in California at any time from January 1, 2011 through October 6, 2014 (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification). The "Settlement Class Members" shall not include any person who submits a timely and valid request for exclusion as provided in the Stipulation of Settlement

3. Notice given to the class fully and accurately informed Settlement Class Members of all material elements of the proposed settlement and of their opportunity to exclude themselves from, object to, or comment on the settlement, and to appear at the final approval hearing. The notice was reasonable and the best notice practicable under the circumstances. Accordingly, this Court finds that the notice program described in the Settlement Agreement and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

4. The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the Released Parties.

5. All Settlement Class Members are bound by this Final Approval Order and by the terms of the parties' Settlement Agreement, including releases provided for in the Settlement and this Final Approval Order. As of the effective date of Settlement, by operation of the entry of this Final Approval Order, each Settlement Class Member, including Plaintiff, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties as follows:

> Any and all claims under state, federal or local law, whether statutory, common law or administrative law, arising out of or related to allegations of, including, but not limited to, rest period violations, inaccurate pay stubs, wage statements, unfair competition, injunctive relief, punitive damages, any claims arising under the California Labor Code Sections 203, 226, 226.7, the Private Attorneys General Act (Labor Code Section 2699, *et. seq.*), and the Unfair Competition Law (Business and Professions Code Section 17200, *et seq.*), penalties of any nature, and the applicable Wage Orders arising out of the facts alleged

**JUDGMENT**
3

in the operative Complaint, interest, fees, costs, and all other claims and allegations made in the operative Complaint, from January 1, 2011, through February 7, 2015.

6. Settlement Class Members were given a full opportunity to participate in the Final Approval hearing, and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class Members who did not timely and properly opt out of the settlement are bound by this Order.

7. Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiff's counsel; that the settlement is the result of serious, informed, adversarial and arm's-length negotiations between the parties; and that the terms of the settlement are in all respect fair, adequate, and reasonable.

8. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiffs' counsel. The Court has also considered the absence of objection to the settlement.

9. The Court hereby finds the Individual Settlement Payments provided to Settlement Class Members under the terms of the Settlement Agreement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and payments to be made and administered in accordance with the terms of the Settlement Agreement.

10. The Court finds that the services provided by the Settlement Administrator were for the benefit of the Settlement Class, and the cost of $18,000.00 is fair, reasonable, and appropriate for reimbursement. The Court approves payment

**JUDGMENT**
**4**

to CPT Group, Inc. for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

11. The Court confirms Lavi & Ebrahimian, LLP and Law Offices of Sahag Majarian II as Class Counsel in this action. The Court finds that Class Counsel have the sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class. The Court therefore finds that Plaintiff's counsel satisfy the professional and ethical obligations of Class Counsel and that requested hourly rates are fair and reasonable.

12. The Court further approves the Class Counsel Award of attorneys' fees in the amount of 25% of the Gross Settlement Fund or $200,000. The Court finds that this amount is supported by both the application of the percentage fee and the lodestar-plus-multiplier methods for awarding reasonable attorneys' fees.

13. In the course of this litigation, Class Counsel incurred $6,986.71 in costs in the form of court filing fees, mediation fees, document copying fees, legal research charges,. The Court approves the reimbursement of Class Counsel's costs in the amount of $6,986.71, pursuant to the terms of the Settlement Agreement.

14. The Court approves the payment of Two Thousand Five Hundred Dollars ($2,500.00) from the Gross Settlement Fund in satisfaction of any claim for penalties that may be owed under the Private Attorneys General Act ("PAGA"), Cal. Labor Code section 2699, *et seq*. with seventy-five (75%) of said amount, or $1,875.00 to be paid to the California Labor & Workforce Development Agency ("LWDA"); and the remaining twenty-five (25%) of said amount, or $625, to be part of the Net Settlement Amount for distribution to Settlement Class Members.

15. The Court finds that Sonia Mireles is a suitable representative for the Settlement Class and hereby confirms her appointment as the Class Representative. The Court finds that Ms. Mireles' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and her

interests are aligned with those of the Settlement Class.

16. The Court finds the Service Award in the amount of $5,900 to the Class Representative to be fair and reasonable compensation based upon the evidence presented regarding the services provided and risks incurred by Plaintiff in assisting Class Counsel.

17. The Court directs that, no later than August 17, 2015, Defendants shall provide payment of the to the Settlement Administrator in the amount equal to all Individual Settlement Payments, the Class Representative Service Award, the Class Counsel Award, PAGA Payment, the Settlement Administration Costs, and Defendant's share of payroll taxes as specified in the Settlement Agreement. Interest accrued on this deposit (if any) shall be included in the Net Settlement Amount, except that if final approval is reversed on appeal, then Defendants are entitled to prompt return of the principal and all interest accrued.

18. The Court directs that, no later than August 24, 2015, which is Eighty Two (82) days after Court's June 2, 2015 Order granting Plaintiff's Motion for Final Approval, the Claims Administrator shall pay the Individual Settlement Payments, the Class Representative Service Award, the Class Counsel Award, the PAGA Payment, Defendants' share of payroll taxes, and the Settlement Administration Costs, as approved by the Court and specified in the Settlement Agreement.

19. Any settlement checks remaining un-cashed after one hundred and twenty (120) calendar days after being issued shall be void and the amount shall escheat to the State of California pursuant to California Code of Civil Procedure Section 1513.

20. Without affecting the finality of this Court's Order of Final Approval or the Court's Judgment in any way, this Court retains continuing jurisdiction over the

///

///

interpretation, implementation, and enforcement of the Stipulation of Settlement, including the claims process established therein.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: July 1, 2015

　　　　　　　　　　　　　　　　　　　HON. JOHN A. KRONSTADT
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

4828-4292-4069, v. 1